AO 106 (Rev. 04/10)  Application for a Search Warrant (Modified: WAWD 10-26-18)

# UNITED STATES DISTRICT COURT
## for the
### Western District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A red colored iPhone 12 more particularly described<br>in Attachment A | )<br>)<br>)<br>)<br>)<br>)    Case No.   MJ22-5135 |

FILED _____ LODGED
_____ RECEIVED

**Jul 25, 2022**

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

     See Attachment A

located in the _____ Western _____ District of _____ Washington _____ , there is now concealed *(identify the person or describe the property to be seized)*:

     See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

     ☑ evidence of a crime;

     ☑ contraband, fruits of crime, or other items illegally possessed;

     ☑ property designed for use, intended for use, or used in committing a crime;

     ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841, 846 | Controlled Substances - Possession with Intent to Distribute/Distribution/Conspiracy |
| 18 USC 922(g), 924 | Firearms - Unlawful Possession, Possession in Furtherance of Drug Trafficking |

The application is based on these facts:

     ✓   See Affidavit of FBI Special Agent Ted Halla, continued on the attached sheet.

     ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

*Ted R Halla*
_____
*Applicant's signature*

Ted Halla, Special Agent
_____
*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: _____ 07/25/2022 _____

*J. Richard Creatura*
_____
*Judge's signature*

City and state:   Tacoma, Washington

J. Richard Creatura, United States Magistrate Judge
_____
*Printed name and title*

USAO: 2022R00809

## AFFIDAVIT

STATE OF WASHINGTON )
                             ) ss
COUNTY OF KITSAP )

I, Ted R. Halla, being first duly sworn on oath, depose and state:

### AFFIANT BACKGROUND AND EXPERIENCE

1. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since February 2000. I am currently assigned to the Seattle Field Division, Poulsbo Resident Office. Prior to my employment with the FBI, I was employed as a research biologist in the State of Wisconsin.

3. During my law enforcement career, I have been involved in investigations of numerous criminal offenses, including the offenses involved in this current investigation. These investigations have also included possession with intent to distribute, and distribution of, controlled substances; related laundering of monetary instruments; conducting of monetary transactions involving the proceeds of specified unlawful activities; and conspiracies associated with criminal narcotics offenses. These investigations have included use of the following investigative techniques: confidential informants; analysis of pen register, trap and trace, and toll records; physical and electronic surveillances; wiretaps; and the execution of search warrants.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit

AFFIDAVIT OF TED HALLA 1
USAO 2022R00809

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  is intended to show merely that there is sufficient probable cause for the requested search

2  warrant and therefore does not set forth all my knowledge about this matter.

3        5.       I know through training and experience, as well as the training and

4  experience of other law enforcement officers familiar with this investigation, that

5  individuals involved in the distribution of controlled substances and other criminal

6  activity often use vague references and/or coded words and phrases when discussing

7  illegal activity.  When such words are used in the instant investigation, I have used this

8  training and experience, as well as the training and experience of other law enforcement

9  officers familiar with this investigation, to include what I believe to be an accurate

10  translation of these coded words and phrases.

11                          **PURPOSE OF AFFIDAVIT**

12        6.       This affidavit is submitted in support of an application to search the cellular

13  phone described below and in Attachment A, for evidence, fruits and instrumentalities of

14  violations of Title 21, United States Code, Sections 841 and 846 (drug distribution,

15  possession with intent to distribute, and conspiracy) and Title 18, United States Code,

16  Sections 922(g) and 924, as described in this affidavit and in Attachment B.  Since the

17  seizure of the device on July 2, 2022, the phone has remained in the secure custody of

18  law enforcement:

19        a)  A red colored iPhone 12 with a black and green Otter Box case, with a

20            "pop socket" attached and a "$" scribed on the back of the case, seized by

21            the Poulsbo Police Department on 07/02/2022 from a Subaru Impreza,

22            Washington State license plate CDJ-2517, registered to SHAWN

23            MORSE, pursuant to a Kitsap County search warrant.

24        7.       The cellular phone described above (the SUBJECT DEVICE) is currently

25  located at the Poulsbo Police Department, located in Poulsbo, Washington.

26  //

27  //

28

AFFIDAVIT OF TED HALLA 2
USAO 2022R00809

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

## SUMMARY OF PROBABLE CAUSE

2      9.      The United States, including the FBI, is conducting a criminal investigation

3   of SHAWN PATRICK MORSE regarding possible violations of Title 21, United States

4   Code, Sections 841 and 846 (drug distribution, possession with intent to distribute, and

5   conspiracy) and Title 18, United States Code, Sections 922(g) and 924 (unlawful

6   possession of a firearm, and possession of a firearm in furtherance of drug trafficking).

7                *Background Information Regarding the Investigation*

8      10.      On or about July 6, 2022, Officer Craig Keller of the Poulsbo Police

9   Department (PPD) met with me at the FBI's Poulsbo Office to discuss PPD's recent

10   arrest of SHAWN MORSE. Officer Keller advised me that he understood that prior to

11   their arrest of MORSE on July 1, 2022, MORSE had other pending narcotic and firearm

12   violations with the Bremerton Police Department and the Tacoma Police Department.

13   Upon further investigation into MORSE's background, I learned the following.

14      11.      In November of 2013 and following a narcotics investigation, PPD arrested

15   SHAWN MORSE (PPD case number H13-001208) and charged him with possession of a

16   stolen firearm, possession of methamphetamine with intent to deliver and possession of

17   heroin with intent to deliver. On or about March 17, 2014, MORSE was sentenced to

18   serve ninety-six (96) months in prison in Kitsap Superior Court case number 13-1-01371-

19   0.

20      12.      In July of 2020, MORSE was released from prison and placed on 12

21   months of community custody. At that time, MORSE signed a Washington State

22   Department of Corrections form in which he acknowledged he was prohibited to own or

23   possess firearms and/or ammunition.

24                *March 2021 Arrest in Bremerton, Washington*

25      13.      On or about March 15, 2021, the Bremerton Police Department (BPD) was

26   dispatched to a grocery store parking lot located in Bremerton, Washington, for

27   investigation of a disoriented male who appeared to be under the influence of narcotics

28
AFFIDAVIT OF TED HALLA 3
USAO 2022R00809

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  and who had attempted to start a car.  Officer Beau Ayers contacted the male, later

2  identified as MORSE, in a parked car and exhibiting signs of heroin use.  Officers

3  learned from Kitsap County's Dispatch Center that MORSE was under DOC supervision.

4  While talking to MORSE, Officer Ayers saw an empty handgun holster in the driver's

5  side door pocket of MORSE's car.  Officer Ayers asked MORSE where the firearm was,

6  and MORSE replied that it was at his house.  Officer Ayers further asked MORSE when

7  he last used heroin, to which MORSE stated that he had not used any narcotics.  Officer

8  Ayers then asked permission to search the car, but MORSE denied that request.  Due to

9  MORSE's presenting as though he was under the influence of narcotics (e.g., lethargic,

10  bloodshot eyes, disorientation, passing in and out of consciousness), Officer Ayers asked

11  Bremerton Fire Department medics to come and evaluate MORSE.  Officer Ayers also

12  called a DOC supervisor and advised her of the situation.  The DOC supervisor advised

13  that she would send some DOC officers to assist.

14       14.     A short time later, DOC officers arrived and talked with MORSE, who was

15  sitting outside, on the bumper of Officer Ayers' patrol car.  MORSE again claimed he

16  had not been using any narcotics and said there was nothing illegal in his car.  The DOC

17  officers conducted a search of MORSE's car pursuant to the conditions of his DOC

18  supervision and located a loaded .38 caliber revolver (in the center console);

19  approximately 33 grams of suspected heroin, approximately 42 grams of suspected

20  methamphetamine; 80 Oxycodone pills; 9 Alprazolam pills; a digital scale; a quantity of

21  small plastic baggies; and a partially shot box of .38 Special ammunition.

22       15.     MORSE was arrested for Unlawful Possession of a Firearm and Possession

23  of a Controlled Substance with Intent to Deliver and booked into the Kitsap County Jail

24  (BPD case number B21-001339).

25                    *January 2022 Arrest in Douglas County, Oregon*

26       16.     On or about January 10, 2022, at the Seven Feathers Casino and Resort,

27  located in Canyonville, Oregon, the Douglas County Interagency Narcotics Team

28

AFFIDAVIT OF TED HALLA 4
USAO 2022R00809

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   arrested MORSE following a narcotics investigation.  MORSE was charged with

2   Attempted Unlawful Delivery of Heroin, Unlawful Possession of Heroin, Attempted

3   Unlawful Delivery of Methamphetamine and Unlawful Possession of Methamphetamine.

4       17.     On or about February 8, 2022, MORSE was convicted upon a No Contest

5   Plea to two counts:  Attempt to Commit a Class A Felony – Delivery of Heroin and

6   Attempt to Commit a Class B Felony – Delivery of Methamphetamine (Circuit Court of

7   the State of Oregon for Douglas County Case No. 22CR01568).  MORSE was sentenced

8   to 30 days in jail (with credit for time served) and placed on supervised probation for 36

9   months.  As officers would later learn, Washington DOC assumed supervision of

10  MORSE from the Oregon Department of Corrections.

11                  *February 2022 Arrest in Tacoma, Washington*

12      18.     On or about February 23, 2022, officers from the Tacoma Police

13  Department (TPD) responded to a report of a male running around with a gun and a shot

14  fired.  Upon arrival, officers saw a male (later identified as MORSE) standing in the bed

15  of a truck in a parking lot.  As officers were arriving, one officer reported that MORSE

16  appeared to have bent down and then straightened up while in the truck bed before

17  climbing out of the truck with his hands in the air.  A second male on scene told officers

18  that there was a gun in the truck that MORSE had just climbed out of.  After MORSE

19  was secured, officers approached the truck and saw a revolver laying on top of the

20  toolbox in the bed of the truck.  Officers rendered the revolver safe, and found it was

21  loaded with four live rounds of ammunition and one fired round.  Officers later

22  determined the revolver had been stolen.  The owner of the truck then contacted officers

23  and stated that MORSE had walked onto the hood of the truck and climbed up and over

24  the windshield, onto the hood and then into the bed.

25      19.     When officers checked MORSE's criminal history, they learned he was on

26  active DOC supervision and was listed as "HIGH VIOLENT PROPERTY DRUG."

27  Officers arrested MORSE; during the search incident to arrest, officers located a knife,

28
AFFIDAVIT OF TED HALLA 5
USAO 2022R00809

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  seven loose rounds of .38 Special ammunition, and a plastic bag with suspected

2  methamphetamine, all from MORSE's person.  Officers transported him by ambulance to

3  Tacoma General Hospital because MORSE was exhibiting signs of being under the

4  influence of narcotics (e.g., seemingly paranoid, repeated screaming and yelling followed

5  by periods of relative calm, exhibiting superhuman strength, rapid speech).  After

6  MORSE was cleared and released from Tacoma General Hospital, officers transported

7  him to the Pierce County Jail where he was booked for Unlawful Possession of a Firearm

8  and Possession of a Stolen Firearm (TPD incident number 220542069).

9      20.    On or about June 22, 2022, MORSE signed an Oregon Department of

10 Corrections Weapons Notice, acknowledging that he understood he may not possess

11 weapons or firearms.

12     *July 2022 Arrest in Poulsbo, Washington and Seizure of the SUBJET DEVICE*

13     21.    On or about July 1, 2022, Kitsap County Dispatch received a report of a

14 possible DUI after a citizen reported that a dark grey Subaru Impreza with Washington

15 license CDJ-2517 was stopping in the roadway and swerving.  PPD Officer Craig Keller,

16 who was familiar this particular car and knew it to be registered to SHAWN MORSE,

17 saw the Subaru pull up to a storage business.  Officer Keller activated his emergency

18 lights and approached the car.  As he did, Officer Keller saw, through the car's dark

19 tinted windows, MORSE make a movement with his right hand towards the front of his

20 body near his waistband.  MORSE's body shifted upward, and his shoulders went back

21 and then hunched forward.  Based on his experience, Officer Keller believed that

22 MORSE had drawn a firearm or was removing contraband from his waistband area.

23     22.    Officer Keller approached the passenger side of the Subaru and MORSE

24 rolled down the passenger side window.  Officer Keller spoke with MORSE and

25 explained why he was there. Officer Keller asked MORSE to move the car just past the

26 access pad.  MORSE complied and then exited the car.  While talking with MORSE,

27 Officer Keller noticed that MORSE was sweating profusely, his nose was running, and

28

AFFIDAVIT OF TED HALLA 6
USAO 2022R00809

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  his pupils were pinpoint.  Officer Keller wrote in his report that based on his training and

2  experience MORSE was showing signs of being under the influence of a narcotic.

3      23.    After another officer arrived on scene, Officer Keller walked over to

4  MORSE's car and, through the open passenger side window, saw a black handgun on the

5  driver's side floorboard.  Officers then detained MORSE and told him about the handgun

6  that could be seen in the car.  MORSE denied knowing about it.  Officers read MORSE

7  his Miranda warnings and put him into a patrol car.  DOC advised Kitsap County

8  Dispatch that MORSE was supervised in Washington for the State of Oregon.  DOC

9  Officer Kelly Dean confirmed that MORSE was a convicted felon for drug and firearm

10  related events.  Upon seeing other suspected drug evidence in the car, officers requested

11  that it be towed to a secure location as evidence.  Officers transported MORSE to the

12  Kitsap County Jail and booked for Unlawful Possession of a Firearm.

13      24.    On or about July 2, 2022, PPD officers obtained a search warrant for

14  MORSE's Subaru Impreza.  During the subsequent search of the car, officers located and

15  seized and/or photographed numerous items of evidence to include:

16  - The SUBJECT DEVICE (located in the center console by the driver's seat)

17  - MORSE's Washington State Driver's license

18  - A key ring with several styles of keys to include those for paddle-type locks

19  - Approximately 4,000 M30 pills

20  - Approximately 451 grams of suspected methamphetamine

21  - Approximately 206 grams of suspected cocaine

22  - Approximately 19 grams of suspected heroin

23  - A Polymer 80, 9mm handgun

24  - An extended magazine containing 33 rounds of 9mm ammunition

25      25.    On July 3, 2022, and after receiving information that MORSE was the sole

26  renter of Unit J-35 at the storage facility where officers had contacted him on July 1, PPD

27  officers obtained and executed a search warrant for that unit.  During the subsequent

28

AFFIDAVIT OF TED HALLA 7
USAO 2022R00809

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  search, officers located and seized and/or photographed numerous items of evidence to

2  include:

- A Steven's brand shotgun

- A safe containing a box of ammunition, a slide from a Glock handgun and two empty Glock magazines.

- A copy of MORSE's "Weapons Notice" from the Oregon Department of Corrections

- A second safe containing additional rounds of 9mm ammunition and an empty handgun magazine.

26.    On July 21, 2022, I spoke with PPD Officer Keller who advised me that the SUBJECT DEVICE is currently located in their evidence room at the PPD offices located in Poulsbo, Washington.

*Common Characteristics of Drug Traffickers*

27.    Based upon my training, experience, and participation in this and other investigations involving drug trafficking, my conversations with other experienced investigators, and interviews of individuals who have been involved in the trafficking of methamphetamine, heroin, oxycodone, and other drugs, I have learned and know the following.

28.    Drug traffickers use mobile electronic devices, including cellular telephones, to conduct their illegal trafficking business.  As described below, such equipment often contains evidence of these illegal activities.

29.    Traffickers of controlled substances commonly maintain addresses, vehicles, or telephone numbers which reflect names, addresses, vehicles, and/or telephone numbers of their suppliers, customers, and associates in the trafficking organization, and it is common to find drug traffickers keeping records of said associates in cellular telephones and other electronic devices.  Traffickers often maintain cellular telephones for ready access to their clientele and to maintain their ongoing narcotics

1  business.  Traffickers frequently change their cellular telephone numbers to avoid

2  detection by law enforcement, and it is common for traffickers to use more than one

3  cellular telephone at any one time.

4        30.    Drug traffickers use cellular telephones as a tool or instrumentality in

5  committing their criminal activity.  They use them to maintain contact with their

6  suppliers, distributors, and customers.  They prefer cellular telephones because, first, they

7  can be purchased without the location and personal information that land lines require.

8  Second, they can be easily carried to permit the user maximum flexibility in meeting

9  associates, avoiding police surveillance, and traveling to obtain or distribute drugs.

10  Third, they can be passed between members of a drug conspiracy to allow substitution

11  when one member leaves the area temporarily.  Since cellular phone use became

12  widespread, every drug dealer I have interacted with has used one or more cellular

13  telephones for his or her drug business.  I also know that it is common for drug traffickers

14  to retain in their possession phones that they previously used, but have discontinued

15  actively using, for their drug trafficking business.  Based on my training and experience,

16  the data maintained in a cellular telephone used by a drug dealer is evidence of a crime or

17  crimes.  This includes the following:

18       a.  The assigned number to the cellular telephone (known as the mobile

19          directory number or MDN), and the identifying telephone serial number

20          (Electronic Serial Number (ESN), Mobile Identification Number (MIN),

21          International Mobile Subscriber Identity (IMSI) number, or International

22          Mobile Equipment Identity (IMEI) number).  These are important evidence

23          because they reveal the service provider, allow agents to obtain subscriber

24          information, and uniquely identify the telephone.  This information can be

25          used to obtain toll records, to identify contacts by the particular telephone

26          with other cellular telephones used by co-conspirators, to identify other

27

28

AFFIDAVIT OF TED HALLA 9
USAO 2022R00809

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  telephones used by the same subscriber or purchased as part of a package,

2  and to confirm if the telephone was contacted by a cooperating source.

3  b. The stored list of recent received calls and sent calls.  This is important

4  evidence because it identifies telephones recently in contact with the

5  telephone user.  This is valuable information in a drug investigation

6  because it will identify telephones used by other members of the

7  organization, such as suppliers, distributors and customers, and it confirms

8  the date and time of contacts.  If the user is under surveillance, it identifies

9  what number he called during or around the time of a surveilled drug

10  transaction or meeting.  Even if a contact involves a telephone user not part

11  of the conspiracy, the information is helpful (and thus is evidence) because

12  it leads to friends and associates of the user who can identify the user, help

13  locate the user, and provide information about the user.  Identifying a

14  defendant's law-abiding friends is often just as useful as identifying his

15  drug-trafficking associates.

16  c. Stored text messages.  These are important evidence, similar to stored

17  numbers.  Agents can identify both drug associates, and friends of the user

18  who likely have helpful information about the user, his location, and his

19  activities.

20  d. Photographs on a cellular telephone.  These are important evidence because

21  they help identify the user, either through his or her own picture, or through

22  pictures of friends, family, and associates that can identify the user.

23  Pictures also identify associates likely to be members of the drug

24  trafficking organization.  Some drug traffickers photograph groups of

25  associates, sometimes posing with weapons and showing identifiable gang

26  signs.  Also, digital photos often have embedded "geocode" information

27  within them.  Geocode information is typically the longitude and latitude

28

AFFIDAVIT OF TED HALLA 10
USAO 2022R00809

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1       where the photo was taken.  Showing where the photo was taken can have

2       evidentiary value.  This location information is helpful because, for

3       example, it can show where coconspirators meet, where they travel, and

4       where assets might be located.

5       e.  Stored address records.  These are important evidence because they show

6       the user's close associates and family members, and they contain names

7       and nicknames connected to phone numbers that can be used to identify

8       suspects.

9       31.     Because drug traffickers in many instances will "front" (i.e., sell on

10  consignment) controlled substances to their clients, or alternatively, will be "fronted"

11  these items from their suppliers, such record keeping is necessary to keep track of

12  amounts paid and owed, and such records will also be maintained close at hand to readily

13  ascertain current balances.  These records include "pay and owe" records to show

14  balances due for drugs sold in the past (pay) and for payments expected (owe) as to the

15  trafficker's suppliers and distributors, telephone and address listings of clients and

16  suppliers, and records of drug proceeds.  These records are commonly kept for an

17  extended period.  I know that although sometimes these records are kept in paper form,

18  some drug dealers also maintain these records in electronic form on their cellular phone

19  and other electronic devices.

20                              **CONCLUSION**

21      32.     Based on the facts set forth in this affidavit, I believe there is probable

22  cause to believe that, contained within the SUBJECT DEVICE, described in Attachment

23  A, there exists evidence, fruits, and instrumentalities, as described in Attachment B, of

24  violations of Title 21, United States Code, Sections 841 and 846 (drug distribution,

25  possession with intent to distribute, and conspiracy) and Title 18, United States Code,

26  //

27  //

28
AFFIDAVIT OF TED HALLA 11
USAO 2022R00809

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1 | Sections 922(g) and 924 (unlawful possession of a firearm, and possession of a firearm in
2 | furtherance of drug trafficking).

6 | Ted R. Halla
7 | Special Agent
8 | Federal Bureau of Investigation

10 | The above-named agent provided a sworn statement to the truth of the foregoing affidavit
11 | by telephone on the 22nd day of July, 2022.

13 | J. RICHARD CREATURA
14 | UNITED STATES MAGISTRATE JUDGE

AFFIDAVIT OF TED HALLA 12
USAO 2022R00809

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## ATTACHMENT A

### SUBJECT DEVICE to be Searched

Since its seizure by the Poulsbo Police Department on or about July 2, 2022, the following cellular phone has been maintained by the Poulsbo Police Department in their evidence room located in Poulsbo, Washington:

- A red colored iPhone 12 with a black and green Otter Box case, with a "pop socket" attached and a "$" scribed on the back of the case, seized by the Poulsbo Police Department on July 2, 2022, from a Subaru Impreza, Washington State license plate CDJ-2517, registered to SHAWN MORSE, pursuant to a Kitsap County search warrant.



AFFIDAVIT OF TED HALLA 13
USAO 2022R00809

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

**ATTACHMENT B**

**Items to be seized**

From the SUBJECT DEVICE described in Attachment A of this warrant, the government is authorized to search for and seize the following items, which are evidence and/or fruits of the commission of violations of Title 21, United States Code, Sections 841 and 846 (drug distribution, possession with intent to distribute, and conspiracy) and Title 18, United States Code, Sections 922(g) and 924 (unlawful possession of a firearm, and possession of a firearm in furtherance of drug trafficking):

- Assigned telephone number and identifying serial number (e.g., ESN, MIN, IMSI, IMEI);

- Stored list of recent received, sent, or missed calls;

- Stored address records and stored contact information;

- Stored digital images/video of narcotics, currency, guns or other weapons, suspected criminal activity, and/or the user of the phone or co-conspirators;

- Stored text messages that relate to the above-enumerated federal crimes;

- Stored records, receipts, videos, notes, ledgers, and other documents relating to the distribution of controlled substances and communications between members of the conspiracy; and

- Internet-based multimedia messaging services or applications, such as WhatsApp Messenger, used for communications and their contents if related to the above-enumerated federal crimes.

AFFIDAVIT OF TED HALLA 14
USAO 2022R00809

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800